**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TUBE TRANSPORT FOR AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 20-cv- |
| v. | ) | |
| | ) | |
| CHAD WILKINSON, | ) | |
| Serve: Chad Wilkinson | ) | |
| 300 E. Evans Street, Apt. P178 | ) | |
| West Chester, PA 19380-2745 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Tube Transport for America, Inc. (hereinafter "Plaintiff" or "Tube"), by and through its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, brings this action for money damages against Defendant Chad Wilkinson (hereinafter "Defendant" or "Wilkinson") to recover for breach of fiduciary duty, conversion, and fraud. This action arises out of an embezzlement scheme perpetrated against Tube, by Wilkinson, a former Tube director who abused his position as Tube's Treasurer to misappropriate in excess of $310,000 of Tube's funds for his personal benefit.

In support of its Complaint, Plaintiff pleads as follows:

## JURISDICTION AND VENUE

1.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a), as the parties are diverse and the amount in controversy exceeds $75,000.  Tube is incorporated in the District of Columbia, and its principal place of business is in the District of Columbia. Wilkinson is a citizen of the United States and a resident of West Chester, Pennsylvania.

2.     This Court has personal jurisdiction over Defendant because he is a resident of

West Chester, Pennsylvania and caused tortious injury by actions taken within the State of

Pennsylvania, and the claims filed herein arise out of such actions.

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because

Defendant is a resident of West Chester, Pennsylvania.

## PARTIES

4.     Tube is a not-for-profit corporation organized for charitable and social welfare

purposes within the meaning of § 501(c)(4) of the Internal Revenue Code. Its principal place of

business is located at 777 6th Street NW, 11th Floor, Washington, D.C. 20001.

5.     Wilkinson served as a director and Treasurer of Tube from February 2019 until

January 27, 2020. Upon information and belief, Wilkinson is a citizen of the United States and

his residence is 300 E. Evans Street, Apt. P178, West Chester, Pennsylvania 19380.

## TUBE'S HISTORY AND PURPOSE

6.     Plaintiff's charitable purpose is to promote economic prosperity and social

welfare by supporting alternative modes of transportation such as the hyperloop system, a sealed

system of tubes through which a pod may travel free of air resistance or friction conveying

passengers or objects at ultra-high speed while being very efficient and thereby drastically

reducing travel times.

7.     Plaintiff's would lobby and raise funds in the D.C. area to advocate for hyperloop

technology research, development, and implementation nationwide.

8.     On February 19, 2019 Plaintiff (then known as Hyperloop America, Inc.) was

incorporated in the District of Columbia. That same day, Plaintiff filed for 501(c)(4) status with

the IRS.

9.     On February 28, 2019, Plaintiff held its first organizational meeting wherein

Defendant was appointed as one of three Directors of Tube. During this meeting, Defendant was also appointed Treasurer.

10.     In February 2019, Plaintiff received its determination letter from the IRS, thereby becoming a federally recognized non-profit organization.

11.     On August 22, 2019, Plaintiff officially changed its corporate name to Tube Transportation for America, Inc.

12.     Plaintiff's By-Laws state in pertinent part:

"No part of the net earnings or other assets of the Corporation shall inure to the benefit of, be distributed to or among, or revert to any Director, officer, contributor or other private individual having, directly or indirectly, any personal or private interest of the activities of the Corporation, except that the Corporation may pay reasonable for services rendered and may make payments and distributions in furtherance of the non-profit purposes stated in the Articles of Incorporation."

A true and correct copy of Tube's By-Laws are attached hereto as **Exhibit A**.

<u>**WILKINSON'S ROLE WITH TUBE**</u>

13.     As stated above, Wilkinson was appointed director and Treasurer of Tube on February 28, 2019.

14.     Wilkinson served as Tube's Treasurer until his resignation on January 27, 2020.

15.     As a director, Wilkinson was responsible for upholding his fiduciary duties and acting in the best interest of Tube to ensure adequate management of the corporation's affairs.

16.     As Treasurer, Wilkinson was responsible for and in custody of all Tube's funds and was to perform all duties incident to the office. Defendant was to ensure that an accounting system was in place and maintained in order to provide true and accurate accountings of the corporation's financial transactions during periodical reporting to the board of directors. He was responsible for ensuring that all expenditures were made to the best possible advantage.

17.     Wilkinson was responsible for making bank deposits and managing Tube's bank account as well as paying Tube's monthly invoices from client Akin Gump. Wilkinson was also responsible for the creation and management of an accounting system to track expenditures.

## EMBEZZLEMENT SCHEME

18.     Throughout his tenue as Treasurer, Wilkinson was in sole custody of Tube's funds and was the only signatory or authorized authority on Tube's bank account.

19.     Wilkinson was the sole custodian of Tube's checkbook and debit card.

20.     From June 2019 to October 2019, Tube did not receive any bank statements because the mailing address Wilkinson originally provided to the bank failed to include a floor number for Tube's office and Tube did not receive bank statements as a result.

21.     At some point between June 2019 and January 2020, Wilkinson changed the mailing address for Tube's bank statements to his own address 300 E. Evans Street, Apt. P178, West Chester, Pennsylvania 19380.

22.     As Treasurer and sole signatory on the Tube bank account, Wilkinson was effectively the only person able to unilaterally review Tube's bank statements.

23.     For several months near the end of 2019, Tube directors were unable to contact Wilkinson. Wilkinson ignored countless calls, texts, voicemails and emails.

24.     On January 27, 2020, Wilkinson was forced to resign as Tube's Treasurer and Andrew Handel (hereinafter "Handel") was immediately appointed to fill the vacancy.

25.     In February 2020, Handel, acting as Tube's new Treasurer, gained access to Tube's bank statements covering the period of July 1, 2019 through February 28, 2020. A true and correct copy of Tube's bank statements are attached hereto as **Exhibit B**.

26.     Upon review of the statements, Handel discovered that Wilkinson had

misappropriated over $300,000.00 of Tube's funds for his own personal benefit.

27.     The bank statements show Wilkinson made numerous cash withdrawals,

sometimes collecting thousands of dollars daily.

28.     The statements also revealed Wilkinson used Tube's company debit card at

various restaurants, bars, and other entertainment facilities far in excess of an appropriate use of

corporate funds.

29.     Between July 1, 2019 and January 27, 2020, Wilkinson conducted an excessive

number of expenditures and withdrawals.

30.     Of these x transactions, only **two** were approved by Tube's board of directors

pursuant to its By-Laws.

31.     All other expenditures and withdrawals on the bank statements from the account

occurred without approval, were incurred without any business purpose, and were all personal in

nature.

32.     To date, Wilkinson has not provided any type of expense report that could even

conceivably demonstrate any of his expenses were for a business purpose set for in Tube's By-

Laws.

33.     No Tube representative has seen or spoken to Wilkinson since February 28, 2020

when Handel texted Wilkinson regarding a $250,000.00 check made out to Tube that Wilkinson

had in his possession.

34.     After careful review, Tube has determined that, since June 2019, Wilkinson stole

in excess of $310,000 through the scheme described above.

## COUNT I – BREACH OF FIDUCIARY DUTY

35.     Plaintiff incorporates the allegations of Paragraphs 1 through 34 as if fully set forth herein.

36.     As Director and Treasurer of Tube, Wilkinson was in a position of trust and confidence with respect to handling the funds held in Tube's bank account, and Tube allowed Wilkinson access to and control over its account strictly for legitimate, business-related purposes.

37.     In this capacity, Wilkinson owed Tube a fiduciary duty to act in good faith and with loyalty and care as to the management of the funds held in Tube's accounts.

38.     Wilkinson's fiduciary duties encompassed, among other things, a duty to use the funds in Tube's account strictly for the benefit of Tube's charitable mission.

39.     Wilkinson breached his fiduciary duties to Tube when he made unauthorized withdrawals from Tube's account solely his own benefit.

40.     Wilkinson breached his fiduciary duties to Tube when he made unauthorized expenditures using Tube funds, solely for his own benefit.

41.     As a direct and proximate cause of Wilkinson's breach, Tube has incurred financial loss in excess of $310,000.

## COUNT II – CONVERSION

42.     Plaintiff incorporates the allegations of Paragraphs 1 through 41 as if fully set forth herein.

43.     Tube has a right to access and use the funds in its bank account for the purpose of fulfilling its charitable mission.

44.     Wilkinson was the sole custodian of Tube's funds and bank account and was the

only person who had access to Tube's bank statements, check book and debit card.

45.     Wilkinson exercised unlawful control over the funds in Tube's account when he made unauthorized disbursements from Tube's account to himself.

46.     Wilkinson's intentional interference with the property rights of Tube has resulted in Tube's inability to use these funds to advance its charitable mission.

47.     As a direct and proximate cause of Wilkinson's unlawful control over the funds in Tube's account, Tube has incurred financial loss in excess of $310,000.00.

## COUNT III – FRAUD

48.     Plaintiff incorporates the allegations of Paragraphs 1 through 47 as if fully set forth herein.

49.     As Director and Treasurer, Wilkinson was responsible for providing accurate financial reports which Tube would then use to properly budget and allocate funds to advance its charitable mission.

50.     Instead, from June 2019 to January 2020, Wilkinson (withheld/presented inaccurate financial information to Tube.

51.     Wilkinson knew that the financial information he conveyed did not accurately reflect Tube's account balances.

52.     Wilkinson presented inaccurate financial information to Tube with the intention that they would rely on his inaccurate information and not detect his misappropriations.

53.     Tube relied on the falsified information that Wilkinson provided when making decisions related to the company's budget and spending priorities.

54.     As a direct and proximate result of such wrongful conduct, Tube has suffered financial loss in Excess of $310,000.00.

## COUNT IV – EMBEZZELMENT/MISAPPROPRIATION OF FUNDS

55.     Plaintiff incorporates the allegations of Paragraphs 1 through 54 as if fully set forth herein.

56.     Wilkinson wrongfully obtained Tube funds when he made unauthorized withdrawals, disbursements and other misappropriations.

57.     When Wilkinson obtained Tube funds, he intended to deprive Tube of their rights and benefits of the property and did so through his various misappropriations.

58.     As a direct and proximate result of such wrongful conduct, Tube has suffered financial loss in Excess of $310,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Tube Transportation for America, Inc. prays for an entry of judgment against Defendant Chad Wilkinson for actual damages in the amount of $310,000.00 plus interest thereon, costs expended herein, punitive damages and for such other relief as this Court deems appropriate.

Respectfully Submitted,

MCCARTHY LEONARD & KAEMMERER, L.C.

By: s/Brian E. McGovern_____
    Brian E. McGovern
    Missouri Bar No. 34677*
    825 Maryville Centre Drive, Suite 300
    Town and Country, MO 63017
    314.392.5200
    314.392.5221 (fax)
    bmcgovern@mlklaw.com
    *Pro Hac Vice pending
    Lead Counsel for Plaintiff

*--AND—*

BUCHANAN INGERSOLL & ROONEY PC

By: s/Michael J. Engle_____
    Michael J. Engle
    Pennsylvania Bar No. 85576
    50 S. 16th Street, Suite 3200
    Philadelphia, PA 19102
    215.665.3843
    215.665.8760 (fax)
    michael.engle@bipc.com
    *Local Counsel for Plaintiff*